2020 IL App (1st) 191896-U

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

SECOND DIVISION
September 29, 2020

No. 1-19-1896

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| BRYAN CHEATEM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 18 CH 7437 |
| | ) | |
| COOK COUNTY STATE'S ATTORNEY'S OFFICE, | ) | The Honorable |
| | ) | Neil H. Cohen, |
| Respondent-Appellee. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Petitioner's prior felony convictions did not prevent him as a matter of law from obtaining relief from the restrictions that prohibit him from possessing firearms or from acquiring of a Firearm Owner's Identification Card, as granting such relief would not necessarily be "contrary to federal law." 430 ILCS 65/10(c)(4) (West 2018). Reversed and remanded.

¶ 2    The petitioner, Bryan Cheatem, appeals the judgment of the circuit court denying his petition for relief from restrictions that prohibit his eligibility for a Firearm Owner's Identification (FOID) Card and for the issuance of an order directing the Illinois Department of State Police to issue a FOID Card to him.

¶ 3                                  I. BACKGROUND

¶ 4         Petitioner's amended petition for relief states that he has been convicted of four felonies. Two of these convictions occurred on April 16, 1997, when he was convicted of robbery and receiving stolen property. These were Class 2 felonies, and he was sentenced to concurrent terms of seven years in the Illinois Department of Corrections with a recommendation for boot camp. On September 22, 1998, he was convicted of retail theft, a Class 4 felony for which he was sentenced to a term of one year and six months imprisonment. Finally, on June 7, 1999, he was convicted of forgery, a Class 3 felony for which he was sentenced to two years and six months of probation.

¶ 5         As a result of having these felony convictions on his record, petitioner is prohibited from possessing a firearm by section 24-1.1(a) of the Criminal Code of 2012 (720 ILCS 5/24-1.1(a) (West 2018)) (felon-in-possession statute). He is also prohibited from obtaining a FOID Card because of the felony convictions themselves (430 ILCS 65/8(c) (West 2018)) and because of the prohibition on his possession of firearms under the felon-in-possession statute (*id.* § 8(n)). Additionally, federal law prohibits the shipping, transporting, possessing, or receiving of any firearm or ammunition by a person who has been "convicted" of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g)(1) (2018). Federal law defines "conviction" in such a way that this federal firearm prohibition does not apply to a conviction that has been "expunged, or set aside or for which a person has been pardoned or has had civil rights restored * * * unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* § 921(a)(20).

¶ 6         In 2017, petitioner submitted an application for a FOID Card to the Illinois Department of State Police. In his application, he acknowledged that he had been convicted of a felony in the

past. The Department of State Police sent him a letter denying his application on the basis that he was "prohibited from firearms" as a person who had been convicted of a felony.

¶ 7        Following this denial, petitioner filed the present action under section 10(c) of the Firearm Owners Identification Card Act (FOID Card Act). 430 ILCS 65/10(c) (West 2018). Section 10(c) authorizes a person who is prohibited from possessing a firearm under the felon-in-possession statute or from acquiring a FOID Card to apply to the Director of State Police or petition the circuit court, depending on the applicable circumstances, requesting relief from the applicable prohibition. *Id.* The statute authorizes such relief to be granted if the petitioner establishes to the satisfaction of the court or the Director of State Police that: (1) he or she has not been convicted of a forcible felony within 20 years of the FOID Card application, or at least 20 years have passed since the end of any period of imprisonment related to such conviction; (2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history, and his or her reputation are such that he or she will not be likely to act in a manner dangerous to public safety; (3) granting relief would not be contrary to the public interest; and (4) granting relief would not be contrary to federal law. *Id.*

¶ 8        Petitioner's amended petition for relief stated that his convictions between 1997 and 1999 were the result of poor decisions he made as a young man who had experienced a difficult upbringing. He explained that in the two decades since his convictions, he had maintained consistent employment as a union carpenter, been involved in his community, owned his own home, and raised a daughter. He submitted affidavits from several individuals who attested to his good reputation in the community and to the fact that he was unlikely to pose any danger if he were allowed to possess a firearm. Petitioner stated in his affidavit that he wanted to become a

licensed locksmith, as his union work involved installing doors and locks, but his inability to obtain a FOID Card prevented him from obtaining such a license.

¶ 9        The Cook County State's Attorney's Office filed an objection to petitioner's petition. It argued that petitioner's application for a FOID Card had been properly denied because petitioner was prohibited by his felony convictions from possessing a firearm under section 922(g)(1) of the Gun Control Act of 1968, as amended (18 U.S.C. § 922(g)(1) (2018)), and therefore he could never prove to the court's satisfaction that "granting relief would not be contrary to federal law." See 430 ILCS 65/10(c)(4) (West 2018). The State's Attorney argued that petitioner did not qualify for any of the exemptions to the federal prohibition on the possession of firearms because his convictions had not been expunged or set aside, and he had not been pardoned or had his "civil rights restored." See 18 U.S.C. § 921(a)(20) (2018). Concerning this last exemption, the State's Attorney argued that petitioner's civil right to possess a firearm had not been restored, because the felon-in-possession statute continued to prohibit him from possessing a firearm unless he was granted relief by the Director of State Police. See 720 ILCS 5/24-1.1(a) (West 2018).

¶ 10       In response to the State's Attorney's objection, petitioner argued that he had in fact had his "civil rights restored" following his convictions, and therefore granting him relief would not be contrary to federal law. He cited *Logan v. United States*, 552 U.S. 23, 28 (2007), for the proposition that the relevant "civil rights" that must be restored following a conviction are the rights to vote, hold office, and serve on a jury. He argued that these three rights had all been restored to him after he served his sentences for his convictions. He also argued that the right to possess a firearm is not a "civil right" that must be restored following a conviction for purposes of the federal statute.

¶ 11       On April 4, 2019, the trial court held oral argument on the matter. In response to petitioner's argument set forth in the preceding paragraph, the State's Attorney argued at the hearing that even

if petitioner's civil rights to vote, hold office, and serve on a jury were restored, Illinois's felon-in-possession statute meant that they were only restored subject to an express prohibition on the possession of firearms by felons; because of this, petitioner still had "convictions" prohibiting his possession of firearms under federal law, and he was therefore ineligible for a FOID Card. The trial court requested further briefing on whether and how Illinois law allowed a person in petitioner's position to have his second amendment right to possess a firearm restored, and whether the second amendment was violated if in fact Illinois law did not allow restoration of firearm rights.

¶ 12        In petitioner's supplemental briefing, he continued to argue that Illinois law allowed for the restoration of firearm rights through section 10 of the FOID Card Act, provided that, consistent with *Logan*, the civil rights to vote, hold office, and serve on a jury were restored following a conviction. The State's Attorney contended that the only way in which Illinois law provided for the restoration of firearm rights was through a full pardon that did not include any restrictions on firearm rights. It contended that, unless a person was pardoned, Illinois provided no other means by which a person who had been convicted of a felony could have the civil right to possess a firearm restored. Neither party's supplemental briefing made any constitutional arguments.

¶ 13        Following this supplemental briefing, the trial court held further oral argument. The trial court expressed concern about the circular nature in which section 10(c)(4) of the FOID Card Act incorporated federal law, while the federal law in turn incorporated state law. The trial court ordered the parties to submit further supplemental briefing on the legislative history of the 2013 amendment in which the General Assembly added the requirement that relief not be contrary to federal law. Neither party submitted any pertinent legislative history, with the State's Attorney's brief acknowledging that the legislative history of the 2013 amendment "does not elucidate the legislature's intent with regard to the restoration of civil rights in the context of firearm rights."

¶ 14    On August 23, 2019, the trial court entered judgment denying petitioner's amended petition for relief. Its written order contains only the finding that "relief would be contrary to federal law. 430 ILCS 65/10(c)(4) [(West 2018)]." The record on appeal does not include any transcript of the court proceedings from that day reflecting any further explanation by the trial court of the reasons for its ruling. Petitioner then filed this appeal.

¶ 15    II. ANALYSIS

¶ 16    The issue before this court is whether, as a matter of law, petitioner could ever establish that granting him relief from the prohibition on his possession of firearms under Illinois's felon-in-possession statute or on his acquiring of a FOID Card "would not be contrary to federal law." 430 ILCS 65/10(c)(4) (West 2018). This involves a question of statutory interpretation that we review *de novo*. *Dew-Becker v. Wu*, 2020 IL 124472, ¶ 12. The fundamental rule of statutory interpretation is to ascertain and give effect to the legislature's intent, and the best indicator of that intent is the statutory language, given its plain and ordinary meaning. *Id.* A court may also consider the reason for the statute, the problem the legislature sought to remedy, the purposes to be achieved, and the consequences of interpreting the statute one way or another. *Sperl v. Henry*, 2018 IL 123132, ¶ 23. Also, a court has an obligation to interpret statutes in a manner that avoids absurd, unreasonable, or unjust results that the legislature could not have intended. *Palm v. Holocker*, 2018 IL 123152, ¶ 21.

¶ 17    Petitioner's argument is that the trial court erred by concluding that granting him relief from the restrictions that prohibit his eligibility for a FOID Card would be contrary to federal law. He contends that he does not have a "conviction" of a crime punishable by imprisonment for a term exceeding one year, which would result in his being prohibited from possessing firearms under federal law, because he is or could qualify as a person who "has had civil rights restored" with no

further restriction on his right to possess firearms. See 18 U.S.C. §§ 921(a)(2), 922(g)(1) (2018). He argues that his three relevant civil rights—voting, holding office, and serving on a jury—were all restored to him once he served his sentence for his conviction. He also argues that, although his right to possess a firearm was not automatically restored to him once he served his sentence, Illinois law contemplates that a person convicted of a felony can regain the right to possess a firearm and acquire a FOID Card. 720 ILCS 5/24-1.1(a) (West 2018); 430 ILCS 65/10(c) (West 2018). He therefore argues that the trial court could grant him the relief contemplated by these statutes and restore his civil right to possess a firearm, at which point granting him relief would not be contrary to federal law.

¶ 18    In response, the State's Attorney does not dispute that petitioner's civil rights to vote, hold office, and serve on a jury have been restored to him following his convictions. Rather, it argues that the restoration of those three rights is insufficient to exempt petitioner's convictions for purposes of the federal firearm prohibition. This is because the restoration of those three civil rights exempts a conviction "unless such *** restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms" (see 18 U.S.C. § 921(a)(20) (2018)), and Illinois's felon-in-possession statute expressly prohibits the possession of firearms by a convicted felon notwithstanding the restoration of other civil rights. Because of this, it argues, petitioner has "convictions" that bar him from possessing a firearm as a matter of federal law (see *id.* § 922(g)(1)), and therefore he cannot overcome the fact that granting him relief under section 10(c) of the FOID Card Act would be contrary to federal law. 430 ILCS 65/10(c) (West 2018). It argues that the only way petitioner's firearm rights could be restored in a way that would be consistent with federal law is if his felony convictions were pardoned and if that pardon included no restriction on his right to own firearms.

¶ 19     The Illinois felon-in-possession statute, section 24-1.1(a) of the Criminal Code of 2012, provides as follows:

> "It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. *This Section shall not apply if the person has been granted relief by the Director of the Department of State Police under Section 10 of the [FOID] Card Act.*" (Emphasis added.) 720 ILCS 5/24-1.1(a) (West 2018).

The plain language of the second sentence of this statute contemplates situations where the prohibition on a convicted felon's possession of a firearm "shall not apply." It expressly provides that a person may be granted relief from the prohibition by the Director of the Department of State Police under section 10 of the FOID Card Act (430 ILCS 65/10 (West 2018)).

¶ 20     Section 10(c) of the FOID Card Act is the subsection that specifically addresses the granting of relief to a person prohibited from possessing a firearm under the felon-in-possession statute, as well as the granting of relief to a person prohibited from acquiring a FOID Card. Section 10(c) states in pertinent part as follows:

> "Any person prohibited from possessing a firearm under Section[ ] 24-1.1 *** of the Criminal Code of 2012 or acquiring a [FOID] Card under Section 8 of this Act may apply to the Director of State Police or petition the circuit court in the county where the petitioner resides, whichever is applicable in accordance with subsection (a) of this Section, requesting relief from such prohibition and the Director or court may grant such relief if it is established by the applicant to the court's or Director's satisfaction that:
>
> ***

> (1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a [FOID] Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;
>
> (2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;
>
> (3) granting relief would not be contrary to the public interest; and
>
> (4) granting relief would not be contrary to federal law." *Id.* § 10(c).

Again, the plain language of section 10(c) contemplates a situation in which a convicted felon may be granted relief from the prohibition on his or her possession of firearms under the felon-in-possession statute. It also contemplates a situation in which relief may be granted to a person prohibited from acquiring a FOID Card under section 8 of the FOID Card Act (*id.* § 8).

¶ 21    We observe that the felon-in-possession statute and sections 10(c)(1)-(3) of the FOID Card Act were enacted as part of the same legislation in 1984. See P.A. 83-1056 (eff. July 1, 1984). Various amendments were made to section 10(c)(1)-(3) over the years (see e.g., P.A. 85-920 (eff. 920 (eff. Dec. 1, 1987) (amending subsection 10(c)(1) to add 20-year time limit); P.A. 92-442 (eff. Aug. 17, 2001) (allowing petition to circuit court in certain situations)), but prior to 2013 relief from the felon-in-possession prohibition was available if a petitioner established that those three subsections were satisfied. In 2013, the General Assembly amended the statute to add section 10(c)(4), adding the additional requirement that the granting of relief not be contrary to federal law. See P.A. 97-1131, § 15 (eff. Jan. 1, 2013).

¶ 22 The addition of section 10(c)(4) to the statute brought into play the federal statute that prohibits the shipping, transporting, possession, or receipt of any firearm or ammunition by any person who has been "convicted" in any court of a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (2018). "Conviction" for such a crime is defined for purposes of that federal statute as follows:

> "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had *civil rights restored* shall not be considered a conviction for purposes of this chapter, *unless such* pardon, expungement, or *restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms*." (Emphases added.) *Id.* § 921(a)(20).

As set forth above, petitioner contends he does not have a "conviction" for purposes of this federal statute because he has had or is eligible to have his civil rights restored, including his right to possess a firearm. *Supra* ¶ 17. The State's Attorney contends that petitioner does have a "conviction" for purpose of this federal statute because, although Illinois restores certain civil rights to convicted felons once they serve their sentences, Illinois's statutory prohibition on the possession of firearms by convicted felons means that the "restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Supra* ¶ 18.

¶ 23 In *Evans v. Cook County State's Attorney*, 2019 IL App (1st) 182488, ¶¶ 4-7, *appeal docketed,* No. 125513 (Ill. Mar. 25, 2020), this court noted that the argument advanced here by the State's Attorney created "an unending statutory loop." The felon-in-possession statute prohibits a convicted felon from possessing a firearm unless he or she has been granted relief under section 10 of the FOID Card Act. 720 ILCS 5/24-1.1(a) (West 2018). Section 10(c)(4) of the FOID Card

Act provides that relief from the prohibition on possessing firearms cannot be granted if it is contrary to federal law. 430 ILCS 65/10(c)(4) (West 2018). And federal law prohibits the possession of firearms by a person in Illinois who has a felony conviction, because the state's statutory prohibition on firearm possession by convicted felons means that the State's post-conviction "restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(2); see *id.* § 922(g)(1). In *Evans*, a majority of the court found that this "ill-crafted statutory scheme" meant that the petitioner and those in the same circumstance could never be entitled to relief under section 10(c) of the FOID Card Act. *Evans*, 2019 IL App (1st) 182488, ¶ 7. Nevertheless, the *Evans* majority held that it must follow the statute as written, and the court affirmed the trial court's denial of relief to petitioner. *Id.* ¶ 42.

¶ 24    The third district has also considered this issue in a case involving a FOID Card applicant who previously had been convicted of felony offenses and sentenced to probation and time served. *Pournaras v. People*, 2018 IL App (3d) 170051, ¶ 3. The court considered that *Logan* had construed the pertinent civil rights to include the rights to vote, hold office, and serve on a jury. *Id.* ¶ 9 (citing *Logan*, 552 U.S. at 28). The court reasoned that petitioner had lost the rights to hold office and serve on a jury while he was serving his probation, and these rights had been restored to him after he had done so. *Id.* ¶ 14-15. The court held that by virtue of completing his sentence, petitioner had his civil rights restored and therefore came within the exception to remove himself from the federal firearm disqualification. *Id.* ¶ 16.

¶ 25    Since the issuance of the opinions in *Evans* and *Pournaras*, and during the briefing of this appeal, the Illinois Supreme Court issued its opinion in *Johnson v. Department of State Police*, 2020 IL 124213. Although *Johnson* did not involve the precise question at issue here, we find that the supreme court's analysis provides the controlling framework for resolving this appeal.

¶ 26    In *Johnson*, the supreme court considered whether granting relief to a FOID Card applicant under section 10(c) of the FOID Card Act would be contrary to federal law, where the applicant had been of convicted of misdemeanor battery against her then-husband. *Id.* ¶ 3. As with crimes punishable by imprisonment for a term exceeding one year, federal law also prohibits the possession of firearms by any person convicted of a "misdemeanor crime of domestic violence." See *id.* ¶ 21 (quoting 18 U.S.C. § 922(g)(9) (2006)). Also, similar to the definition of "conviction" at issue in this case, federal law defines a "conviction" of a misdemeanor crime of domestic violence in such a way as to exclude an offense for which the person "has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." See *id.* ¶ 23 (quoting 18 U.S.C. § 921(a)(33)(B)(ii) (2006)).

¶ 27    The issue before the supreme court was whether the applicant had her civil rights restored within the meaning of the federal statute. The Department of State Police had argued that the applicant did not come within this exemption because the relevant civil rights under this section were the rights to vote, hold office, and serve on a jury (see *Logan*, 552 U.S. at 28), and these were rights that the applicant had never lost as a result of her misdemeanor battery conviction. *Id.* ¶¶ 28-29. She had, however, been found by the trial court to have satisfied the requirements of sections 10(c)(1)-(3) of the FOID Card Act, and thus she was eligible to have her FOID Card reinstated but for her firearm disability under federal law. *Id.* ¶ 9. Thus, the question the supreme court addressed was whether the "civil rights restored" included a restoration of firearm rights.

¶ 28    In its analysis, the supreme court stated:

"The 'civil rights restored' provision uniformly has been described as 'a measure by which the government relieves an offender of some or all of the consequences of his conviction,' and 'extend[s] to an offender a measure of forgiveness.' *Logan v. United States*, 552 U.S. 23, 26, 32 (2007). The law of the convicting jurisdiction controls whether civil rights have been restored (*Caron v. United States*, 524 U.S. 308, 316 (1998)) because 'Congress sought to accommodate a state's judgment that a particular person *** is, despite a prior conviction, sufficiently trustworthy to possess firearms' (*McGrath v. United States*, 60 F.3d 1005, 1009 (2d Cir. 1995)). *** Thus, the provision queries whether an offender's legal status has been altered by a state's dispensation of forgiveness. *Logan*, 552 U.S. at 26.

"Illinois law provides a path to do exactly that—restore firearm rights under a specific restoration of rights provision. Sections 10(c)(1)-(3) of the FOID Card Act act as a mechanism to relieve an offender of some of the consequences of his conviction and extend a measure of forgiveness to certain qualified offenders. Specifically, the State has a process for determining, after an individualized hearing, that the individual is not likely to act in a manner dangerous to public safety and that it would not be against the public interest for the individual to possess firearms. 430 ILCS 65/10(c)(1)-(3) (West 2012). Thus, Illinois law indeed provides a status altering dispensation by restoring firearm rights." *Id.* ¶¶ 26-27.

¶ 29     The supreme court found that the rights to vote, hold office, and serve on a jury were not the only three civil rights that could be restored following a conviction, "given Illinois's mechanism for restoring civil rights and given the state of the law after *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010)." *Id.* ¶ 30. It found that

"(1) the right to keep and bear arms is a 'civil right,' (2) Illinois has a regulatory mechanism to restore those rights through an individualized determination, and (3) relief granted under section 10 of the FOID Card Act constitutes a sufficient restoration of civil rights as intended by section 921(a)(33)(B)(ii)." *Id.*

¶ 30    In further support of its decision, the supreme court considered that recognizing firearm rights as a civil right that could be restored was consistent with the legislative purpose of the federal statute at issue. The court explained:

> "A state regulatory scheme that restores a person's eligibility for firearm rights by affirmatively and expressly evaluating that person's future dangerousness—through evidence, and not generalization—is entirely consistent with the trustworthiness rationale that underpins the 'civil rights restored' provision. Indeed, such a scheme is a direct and relevant path for a state to show that a person is rehabilitated and can be trusted to possess firearms. It reflects a determination by the convicting jurisdiction that the particular consequence of the conviction should no longer be imposed.
>
> ***
>
> Thus, to ignore the express and measured finding under a section 10 hearing that an individual no longer poses a risk to public safety would frustrate the very legislative purpose underlying the federal statute." *Id.* ¶¶ 41-43.

¶ 31    Ultimately, the supreme court held that the applicant's firearm rights lost a result of her conviction "were restored under Illinois's regulatory scheme (430 ILCS 65/10(c)(1)-(3) (West 2012)), which affirmatively provided for a 'status-altering dispensation.' " *Id.* ¶ 47 (quoting *Logan*, 552 U.S. at 32). It therefore found that the granting of relief under section 10 of the FOID Card Act would not be contrary to federal law. *Id.* ¶ 51.

¶ 32 Although this case presents a different issue than the one presented in *Johnson*, we believe that the supreme court's analysis there resolves the question of whether petitioner could be granted relief from his firearm prohibitions in a way that "would not be contrary to federal law." 430 ILCS 65/10(c)(4) (West 2018). In *Johnson*, the supreme court was interpreting the meaning of "civil rights restored" in a subsection of the statute that is, in all material respects, identical to the subsection of the same federal statute at issue in this case. In concluding that the right to possess firearms was a civil right for which Illinois law provided a means of restoration following a conviction, the supreme court recognized that the law of the convicting jurisdiction controlled whether civil rights had been restored and explained that Illinois "provides a path to do exactly that—restore firearm rights under a specific restoration of rights provision." *Johnson*, 2020 IL 124213, ¶¶ 26-27. It then described what that path was: "Specifically, the State has a process for determining, after an individualized hearing, that the individual is not likely to act in a manner dangerous to public safety and that it would not be against the public interest for the individual to possess firearms. 430 ILCS 65/10(c)(1)-(3) (West 2012)." *Id.* ¶ 27. Multiple times, the supreme court referred to the individualized evaluation process contemplated by sections 10(c)(1)-(3) of the FOID Card Act as being the process under Illinois law by which an individual can have firearm rights restored. See *id.* ¶¶ 27, 40, 47. And, as the circuit court there had found after an evidentiary hearing that the statutory factors of sections 10(c)(1)-(3) were satisfied and supported the reinstating of the applicant's FOID Card (*id.* ¶ 9), the supreme court held that "[the applicant's] rights were restored under Illinois's regulatory scheme (430 ILCS 65/10(c)(1)-(3) (West 2012))." *Id.* ¶ 47. As such, it held that granting her relief would not be contrary to federal law. *Id.* ¶ 51 (citing 430 ILCS 65/10(c)(4) (West 2012)).

¶ 33 Following the reasoning of *Johnson*, we conclude that it would be possible for petitioner to establish that granting him relief from his firearm prohibitions "would not be contrary to federal law." Importantly, as discussed above (*supra* ¶¶19-20), it is clear that Illinois contemplates a situation in which a person convicted of a felony can obtain the restoration of his or her right to possess firearms. 720 ILCS 5/24-1.1(a) (West 2018); 430 ILCS 65/10(c) (West 2018). We do not believe that the General Assembly intended by its incorporation of federal law to make this right illusory. Thus, as in *Johnson*, we conclude that if petitioner establishes through the individualized evaluation process of sections 10(c)(1)-(3) of the FOID Card Act that he is not likely to act in a manner dangerous to public safety and that it is not against the public interest for him to possess firearms, then he would be eligible under the state mechanism for relief from the prohibition on his possessing of firearms under the felon-in-possession statute. 720 ILCS 5/24-1.1(a) (West 2018); 430 ILCS 65/10(c)(1)-(3) (West 2018).[1] If the requisite showing can be made under Illinois's regulatory mechanism that he is eligible for relief from the prohibition of the felon-in-possession statute, he would be eligible to have his "civil rights restored" by the State in a way that no longer expressly prohibits his possession firearms. 18 U.S.C. § 922(a)(2) (2018). He would then no longer have a qualifying "conviction" that prohibits his possession of firearms under federal law (*id.*; see 18 U.S.C. § 921(g)(1) (2018)), and he could be granted relief from his firearm prohibitions in such a way that "would not be contrary to federal law." 430 ILCS 65/10(c)(4) (West 2018).

---

[1] There is no indication in this case that petitioner's possession of firearms would be contrary to federal law for a reason other than the one at issue in this appeal. Obviously if the possession of a firearm or FOID Card were contrary to federal law for a different reason, relief would not be available based on section 10(c)(4) of the FOID Card Act. 430 ILCS 65/10(c)(4) (West 2018).

¶ 34    We therefore reverse the judgment of the trial court denying petitioner's amended petition for relief on the grounds that relief would be contrary to federal law. We remand this case to the trial court for further proceedings consistent with this decision.[2]

¶ 35                              III. CONCLUSION

¶ 36    For the reasons set forth above, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this decision.

¶ 37    Reversed and remanded.

---

[2] Our decision in this case should not be interpreted as considering or deciding that the circuit court, as opposed to the Director of the Department of State Police, has the authority to grant relief from the prohibition of the felon-in-possession statute. The felon-in-possession statute contemplates that such relief must be obtained from the Director of the Department of State Police. 720 ILCS 5/24-1.1(a) (West 2018). However, we acknowledge that section 10(c) of the FOID Card Act contemplates situations in which the circuit court is the "applicable" venue for obtaining relief under that section. 430 ILCS 65/10(c) (West 2018). The State's Attorney did not raise this argument in the trial court or on appeal, and nothing in the record on appeal indicates that petitioner's failure to seek relief from the Director of the Department of State Police was a factor in the trial court's decision. As such, we decline to address this issue on appeal.